UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CABRERA, | Case No. 1:19-cv-01189-DAD-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE |
| v. | (Doc. No. 1) |
| CHARLES MARTIN BARRETT, | |
| Defendant. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Omar Cabrera ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Plaintiff's complaint is currently before the Court for screening.

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiffs' claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal,* 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Background**

Plaintiff solely names Charles M. Barrett as a defendant. In his form complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 and *Bivens,* 403 U.S. 388 for violation of his Sixth Amendment rights. (Doc. No. 1.)

Plaintiff alleges that he hired Mr. Barrett in 2015 to represent him in a criminal proceeding before the Kings County Superior Court. According to the complaint, Mr. Barrett disclosed confidential information to a witness, Plaintiff's ex-wife, and told her to make false statements at trial. Plaintiff further alleges that Mr. Barrett did not investigate Plaintiff's case. Plaintiff requested a Marsden hearing and Mr. Barrett was removed from Plaintiff's case due to his failure to investigate. After Mr. Barrett was removed from the case, he allegedly told Plaintiff's brother that he would refund $5,000.00 of his $25,000.00 fee but has not done so.

On May 28, 2018, Plaintiff filed a complaint with the California State Bar regarding Mr. Barrett. On July 3, 2018, Plaintiff received a letter from the California State Bar assigning an investigator to Plaintiff's complaint. Plaintiff subsequently provided evidence and documents to the California State Bar. The assigned investigator did not contact Plaintiff's ex-wife or brother. On January 29, 2019, Plaintiff received a letter from the California State Bar stating that the investigation was complete and no disciplinary charges would be filed against Mr. Barrett. On February 11, 2019, Plaintiff submitted a written request expressing his disagreement with the

California State Bar's decision and requesting review. On May 3, 2019, Plaintiff received a letter from the California State Bar notifying Plaintiff that it had determined there was insufficient basis to reopen the matter.

In his request for relief, Plaintiff seeks "interest on the $25,000 and all other damages" as well as costs of suit and such relief as is fair, just and equitable.

**III.     Discussion**

For the reasons discussed below, the Court will recommend that this action be dismissed without prejudice.

**A.     Section 1983—Private Parties**

Plaintiff alleges violation of his Sixth Amendment rights pursuant to 42 U.S.C. § 1983. Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 "is not itself a source of substantive rights," it merely provides a method for vindicating federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution; (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

A showing that the defendant has acted under the color of state law is a prerequisite for any relief under section 1983. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (allegation of state action is "necessary element of a § 1983 claim"). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S at 49. Generally, private parties do not act under color of state law for section 1983 purposes. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Indeed, the law presumes that conduct by private actors is not state action. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). The ultimate issue in determining whether a person is subject to suit under a federal civil rights action is whether the alleged infringement of federal rights is fairly attributable to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Huffman v. Cty. of*

*L.A.*, 147 F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under color of law" to be held liable under § 1983). Simply put, section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citations and internal quotations omitted).

Whether an attorney representing a criminal defendant is a public defender, court-appointed counsel, or private counsel, he or she does not act under color of state law. *See Polk County v. Dodson,* 454 U.S. 312, 317–18 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (holding that a claim of ineffective assistance of a retained trial attorney was not a cognizable claim under § 1983 because "an attorney, whether retained or appointed, does not act 'under color of' state law."). Here, Plaintiff only sues only his criminal defense attorney, Mr. Barrett. Because a criminal defense attorney does not act under color of state law, Plaintiff fails to state a cognizable claim against Mr. Barrett under section 1983.[1]

**B.     *Bivens*—Private Parties**

Under *Bivens,* a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. *See Bivens,* 403 U.S. at 397. "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens." Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir.1991). To state a claim under *Bivens,* a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. *See Van Strum,* 940 F.2d at 409.

---

[1]   A private party may, under limited circumstances, act under the color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Here, even under the most liberal reading of the complaint, Plaintiff does not allege any conspiracy or joint action between Mr. Barrett and any State actor to violate his Sixth Amendment rights. However, even to the extent he might be able to do so, Plaintiff's claim would be barred under *Heck v. Humphrey*, 512 U.S. 477, 481-82, 487 (1994), because prevailing on a claim for a violation of the Sixth Amendment right to counsel in a criminal proceeding would necessarily imply the invalidity of Plaintiff's conviction. *Roya v. Scott*, 2009 WL 528780, at *2 (E.D. Cal. Mar. 2, 2009).

As noted above, Plaintiff solely names Mr. Barrett, his criminal defense attorney in a state court criminal proceeding, as a defendant. Mr. Barrett is not a federal actor and Plaintiff has accordingly failed to state a cognizable claim against him under *Bivens*.

### C.  Habeas Action

To the extent that Plaintiff is attempting to challenge the validity of his conviction and his incarceration, the exclusive method for asserting that challenging is by filing a petition for writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action, and that their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

### D.  Leave to Amend

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

### IV.  Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed without prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

///

///

5

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2020**          /s/ Barbara A. McAuliffe          
                                   UNITED STATES MAGISTRATE JUDGE