UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CABRERA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CHARLES MARTIN BARRETT, *Attorney at Law*,<br><br>　　　　　Defendant. | No. 1:19-cv-01189-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION<br><br>(Doc. No. 10) |

　　　　Plaintiff Omar Cabrera is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On August 18, 2020, the assigned magistrate judge screened plaintiff's complaint and issued findings and recommendations, recommending that this action be dismissed for failure to state a cognizable claim upon which relief may be granted. (Doc. No. 10 at 5–6.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id*.) Following the granting of an extension of time to do so, plaintiff filed his objections on September 14, 2020. (Doc. No. 13.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, plaintiff restates some of the same allegations made in his complaint and cites to two cases which he asserts refute the assigned magistrate judge's finding that the defendant, a trial attorney retained by defendant, did not act under color of state law. (*Id*. at 2–3.) The cases plaintiff cites are examples of the limited circumstances where attorneys have been held to act under the color of state law. *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 612 (6th Cir. 2007) (plaintiff did "not seek to recover on the basis of the failures of his individual counsel, but on the basis of an alleged agency-wide policy"); *Tower v. Glover*, 467 U.S. 914 (1988) (plaintiff alleged his public defender participated in a conspiracy to secure his conviction). The findings and recommendations adequately and appropriately addressed why plaintiff's allegations in this case would not cause the claim asserted here to fall within any of those such circumstances. (Doc. No. 10 at 4 n.4.) The additional cases cited by the plaintiff do not call for a different result, and thus dismissal is required.[1]

Accordingly,

1. The findings and recommendations issued on August 18, 2020 (Doc. No. 10) are adopted in full;
2. This action is dismissed without prejudice die to plaintiff's failure to state a claim upon which relief may be granted; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **December 2, 2020**             /s/ Dale A. Drozd
                                         UNITED STATES DISTRICT JUDGE

---

[1] This court's order dismissing plaintiff's complaint does not foreclose plaintiff from bringing another type of claim against his former attorney, if he believes it is appropriate to do so, but only prohibits him from pursuing such a claim brought pursuant to 42 U.S.C. § 1983 or *Bivens*, the claims he has attempted to bring in this action.

2